ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
125 Bank Street, Suite 710
Missoula, Montana 59802
Phone: (406) 721-6749
Fax: (406) 721-7751
Email: andy_nelson@fd.org

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN PATRICK SMITH,<br><br>Defendant. | CR 23-15-M-DLC<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

KEVIN PATRICK SMITH comes before the Court for sentencing on one count of threat to injure and murder a United States Senator in violation of 18 U.S.C. § 115(a)(1)(b). The PSR calculates a Guidelines sentencing range of 24-to-30 months (Total Offense Level 17, Criminal History Category I). PSR ¶ 74.

Mr. Smith does not object to the calculation of the guideline range in the PSR. He respectfully requests a statutory variance to a time-served sentence of imprisonment for the reasons that follow.

## ARGUMENT

**A.     The Guidelines and relevant sentencing statutes.**

In fashioning a reasonable sentence that comports with the sentencing factors in 18 U.S.C. § 3553(a), the starting point is the Guidelines calculation. *United States v. Zavala*, 443 F.3d 1165, 1168-69 (9th Cir. 2006). Once the proper Guidelines benchmark has been calculated, the sentencing court must consider each of the § 3553(a) factors to impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing. *Gall v. United States*, 552 U.S. 38, 48-51 (2007); *United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (*en banc*). The sentencing court enjoys broad discretion to consider, without limitation, any information concerning the background, character, and conduct of the defendant in imposing a reasonable sentence. *Pepper v. United States*, 562 U.S. 476, 488-489 (2011).

Although the Guidelines range "should be the starting point and the initial benchmark," a district court may not presume that the Guidelines range is reasonable. *Gall*, 552 U.S. at 48; *Carty*, 520 F.3d at 991. Nor are "extraordinary" circumstances required to justify a non-Guidelines sentence. *Gall*, 552 U.S. at 47. The Guidelines are to be given no greater weight than any other § 3553(a) factor.

*Gall*, 552 U.S. at 45-46, 48-51; *Carty*, 520 F.3d at 991.  The sentence is ultimately reviewed for abuse of discretion and the appellate court cannot apply a presumption of unreasonableness to a sentence outside the Guidelines range.  *Gall*, 552 U.S. at 50-51.

One wrinkle in the typical Guidelines analysis is Mr. Smith's complete lack of criminal history.  Although the existing guideline calculation is technically correct, the Guidelines will soon council a two-level reduction for defendants like Mr. Smith who have zero criminal history points.  *See* PSR Addendum.  With the benefit of that adjustment, Mr. Smith is subject to a Guidelines range of 18-to-24 months.  This Court could view the pending USSG § 4C1.1 amendment as another reason to vary from the guideline range pursuant to 18 U.S.C. § 3553(a).

**B.     The § 3553(a) sentencing factors support the request for a statutory variance.**

Mr. Smith comes before the Court with no criminal history.  He will have served approximately six months by the date of sentencing; his first time in custody.

Mr. Smith served honorably in the U.S. Marine Corps following high school graduation in 1995 until discharging in 1999 as an E4/Corporal.  PSR ¶¶ 53, 68.  He was trained and served as a weapons instructor while in the Marine Corps.  *Id*.

Mr. Smith has a good work history and has owned and operated his own business in the Flathead Valley since 2015.  PSR ¶ 66.  The business is foundering due to his incarceration.  Mr. Smith is the primary economic provider for his family.

Mr. Smith has experienced a "toxic" and "volatile" divorce and continues to struggle to remain involved in the life of his children. *See* PSR ¶¶ 49, 54, 55. Mr. Smith's oldest son reports that Mr. Smith seems "happier" and has "started turning his life around" after marrying Holly. PSR ¶ 57. Mr. Smith is an "amazing" father to his three biological children and stepfather to Holly's two children from a prior marriage. PSR ¶ 55.

Dr. Michael Scolatti was retained to perform a psychological evaluation in connection with this prosecution. Dr. Scolatti concludes that while Mr. Smith likely suffers from Persistent Depressive Disorder, the "prognosis for psychological intervention is good." PSR ¶ 60. In other words, a term of supervised release with a mental health treatment component could help satisfy the § 3553(a) factors by helping Mr. Smith productively address underlying mental health issues.

Dr. Scolatti further concludes that Mr. Smith falls in the lowest category of risk to reoffend pursuant to the VRAG-R. PSR ¶ 62. Dr. Scolatti notes that Mr. Smith presents a low level of psychopathic traits. *Id*. Mr. Smith has not demonstrated violent behavior in the past and has not engaged in other criminal behavior. *Id*. Like mental health treatment, any concern regarding alcohol abuse and "denial of problems with drinking" alcohol could be addressed with specifically tailored supervised release conditions. *See* PSR ¶ 61.

## REQUEST FOR SENTENCE AND PLACEMENT

Kevin Patrick Smith respectfully requests a statutory variance pursuant to the 18 U.S.C. § 3553(a) factors to a time-served sentence of imprisonment. Should the Court impose an additional term, Mr. Smith requests placement at FCI Sheridan, Oregon in order to remain as close to his family in Montana as possible.

RESPECTFULLY SUBMITTED this 10th day of August, 2023.

    KEVIN PATRICK SMITH

    /s/ Andrew Nelson
    ANDREW NELSON
    Assistant Federal Defender
    Federal Defenders of Montana
        Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023 a copy of the foregoing document was served on the following persons by the following means:

| | | |
|---|---|---|
| 1, 2 | | CM-ECF |
| _____ | | Hand Delivery |
| 3 | | Mail |
| _____ | | Overnight Delivery Service |
| _____ | | Fax |
| _____ | | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

2. RYAN G. WELDON
   Assistant U.S. Attorney
   Counsel for the United States of America

3. KEVIN PATRICK SMITH
   Defendant

By: /s/ Andrew Nelson
ANDREW NELSON
Assistant Federal Defender
Federal Defenders of Montana
Counsel for Defendant